# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| YVONNE RENEE DODD, ) | |
|     Plaintiff, ) | |
| v. ) | No. 3:08-CV-1082-K (BF) |
| ) | Referred for Pretrial Management |
| PILOT CATASTROPHE SERVICES, INC., ) | |
|     Defendant. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate Judge for Pretrial Management. On July 3, 2008, Defendant Pilot Catastrophe Service, Inc. ("Defendant"), filed a Motion to Compel Arbitration or to Order Plaintiff to Make a More Definite Statement ("Motion"). The time for a response expired and Plaintiff failed to respond. Plaintiff filed a notice of change of address. On August 5, 2008, this Court entered an Order for the Clerk of Court to send a copy of Defendant's Motion to Dismiss and Motion to Compel Arbitration (doc. 4) to Plaintiff Yvonne Renee Dodd ("Plaintiff") at her newly updated address. Plaintiff had until August 25, 2008, twenty days from the date of the order, to file a response to Defendant's motion. The time to respond expired, and Plaintiff failed to respond.

**I.**

Defendant moves for dismissal pursuant to FED. R. CIV. PROC. 12(b)(1) for lack of subject matter jurisdiction or 12(b)(6) for failure to state a claim. Defendant contends that Plaintiff agreed to pursue "any aspect of the employment or relationship, or any other dispute of claim" between Defendant and Plaintiff through arbitration. Although the Court has subject matter jurisdiction, this case should be dismissed without prejudice based on the parties' agreement to arbitrate Plaintiff's claims, or alternatively, pursuant to FED. R. CIV. P. 12 (b)(6) for failure to state a claim.

Plaintiff filed a pro se complaint alleging that Defendant hired her to work as a property insurance adjuster. She claims Defendant instructed her to create fraudulent logs. She further claims that because Defendant failed to inform her of the necessary equipment for the job, she was forced to back track hundreds of miles at great cost. Plaintiff also alleges that Defendant pressured her to use the Verizon internet, causing her computer to crash. Plaintiff further claims that Defendant failed to provide the necessary staff, instruction and organization to support adjusters. Finally, she claims that Defendant released her without fully paying her for the claims she had worked and created fraud to hide some of the facts by changing her release date from 2005 to May 2006.

Plaintiff claims that as a result of Defendant's actions, her home was foreclosed, she was homeless, and suffered extreme duress and a personal catastrophe. She seeks $10,000,000 in damages. Defendant moves to dismiss for lack of subject matter jurisdiction, contending that Plaintiff agreed to resolve all disputes arising from her employment through arbitration. Plaintiff has not responded to the motion.

**II**.

"A plaintiff's failure to state a meritorious cause of action does not defeat subject matter jurisdiction." *Green v. Ferrell*, 664 F.2d 1292, 1294 (5th Cir. 1982) (citations omitted). Generally, a court should determine subjection matter jurisdiction based on the plaintiff's complaint. *Id*. In this case, the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is an action between citizens of different states.[1] This case was properly removed here pursuant to

---

[1] Plaintiff is a citizen and resident of Texas. Defendant is an Alabama corporation, a citizen and resident of Alabama, with its principal place of business in Alabama. The amount of damages claimed in far in excess of $75,000, exclusive of interest and costs.

28 U.S.C. § 1441. Compulsory arbitration clauses are given effect pursuant to The Federal Arbitration Act ("FAA"). *See Rojas v. TK Communications, Inc.,* 87 F.3d 745, 747 (5th Cir.1996) (citing 9 U.S.C. § 2). The FAA does not expressly deprive a court of subject matter jurisdiction. Section 3 of the FAA provides that if the court is satisfied that the issue in suit is referable to arbitration, it shall stay the suit on application of a party. If the fact that a claim was subject to compulsory arbitration deprived a court of subject matter jurisdiction, it would be powerless to grant a stay. The parties' arbitration agreement does not deprive this court of subject matter jurisdiction.

**III**.

Section 2 of the FAA, 9 U.S.C. § 2 provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *See Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983); *see also Fedmet Corp. v. M/V BUYALYK,* 194 F.3d 674, 677 (5th Cir. 1999).[2]

Additionally, Section 3 of the FAA provides:

---

[2] Texas law also favors arbitration arrgreements. *See Ford v. NYLCare Health Plans of the Gulf Coast, Inc.*, 141 F.3d 243, 250 (5th Cir. 1998) (noting "Texas courts favor arbitration") (*citing Monday v. Cox*, 881 S.W.2d 381, 384 (Tex. Civ. App.–San Antonio 1994, writ denied)); *see also Cantella & Co., Inc. v. Goodwin*, 924 S.W. 2d 943, 944 (Tex. 1996)(stating "federal and state law favor arbitration").

3

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (2001). A court must defer claims to arbitration if (1) a valid agreement to arbitrate exists between the parties; (2) the claims in question fall within the scope of the arbitration agreement; and (3) no legal constraints external to the parties' agreement foreclose the arbitration of the claims. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626-28 (1985).

In this case, Exhibit A to Defendant's motion to dismiss is an "Agreement," signed by both Plaintiff and Defendant and dated September 19, 2005. The Agreement contains a binding arbitration clause which provides notice to Plaintiff in bold print that "**this arbitration provision modifies the legal and equitable rights and obligations of the parties hereto. Read it carefully and Pilot and Employee are bound by these provisions regarding past, current, and future matters and issues, acts and/or omissions**." (Agreement, ¶ 14.) Plaintiff has not contested the validity of the Agreement.

The Court now turns to whether Plaintiff's claims in her Original Petition and Amendment to Original Petition are within the scope of the arbitration agreement. Plaintiff's claims, although not a model of clarity, clearly arise from her employment relationship with Defendant to which the Agreement applies. The arbitration clause of the Agreement provides:

> In the event of a claimed breach of this Agreement, or any provision hereof, or any aspect of the employment or relationship, or any other dispute or claim, between Pilot . . . and Employee, whether arising in tort or contract or otherwise, Pilot and Employee agree to a binding arbitration . . ..

Agreement, ¶ 14. Plaintiff has not contested the arbitrability of her claims. Further, the arbitration agreement is broad enough to cover any breach of the Agreement as well as Plaintiff's other disputes and claims.

Finally, the Court must consider whether any legal constraints external to the Agreement foreclose the arbitration of the claims. Plaintiff has not identified any legal constraints, and none is apparent in this case.

## IV.

Defendant contends that because the Agreement is valid and relevant and because all of Plaintiff's claims are arbitrable, her complaint should be dismissed. Dismissal with prejudice is warranted if no purpose would be served by a court's retaining jurisdiction and staying the action pending arbitration. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). All the issues raised in this action are arbitrable and must be submitted to arbitration. Any post-arbitration remedies sought by the parties will not require renewed consideration and adjudication of the merits of the controversy. Such remedies would be limited to judicial review of the arbitrator's award, as prescribed by law. *See* 9 U.S.C. §§ 9-12; *Alford*, 975 F.3d at 1165. No dispute remains that is justiciable by this Court. Retaining jurisdiction and staying the action would serve no purpose. Accordingly, this action should be **DISMISSED WITH PREJUDICE**.

IT IS SO RECOMMENDED, September 16, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE